**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA GRAY, individually and on behalf of a class of similarly situated individuals, | ) | |
| *Plaintiff*, | ) | No. 1:19-cv-4550 |
| v. | ) | |
| | ) | Hon. |
| TRANSWORLD SYSTEMS, INC., a California corporation, | ) | |
| *Defendant.* | ) | |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Anna Gray brings this class action complaint against TransWorld Systems, Inc. ("Defendant" or "TSI") to stop Defendant's unlawful debt collection practices in the form of unauthorized prerecorded or automated telephone calls, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. In an effort to increase its recovery on delinquent accounts, Defendant, a nationwide debt collection agency, violated federal law by making unauthorized prerecorded or automated telephone calls ("robocalls") to the cellular telephones of individuals throughout the nation.

2. By effectuating these unsolicited robocalls, Defendant has violated the called parties' statutory and privacy rights and has caused the call recipients actual harm, not only because

the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited calls, but also because the recipients frequently have to pay their cell phone service providers for receiving the calls.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited prerecorded and/or automated telephone calls.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease placing unauthorized prerecorded and/or automated telephone calls to the cellular telephones of individuals who never owed a debt to TSI or any of Defendant's customers, and an award of the greater of actual or statutory damages to the members of the class, together with costs and reasonable attorneys' fees, as well as pre-judgment interest from the date of filing this suit.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant is registered to conduct business in this District and because Defendant's principal place of business is in this District.

**PARTIES**

7. Plaintiff is domiciled in North Carolina.

8. Defendant TransWorld Systems, Inc., is a nationwide debt collection agency. It is a California corporation with its principal place of business located in Lake Forest, Illinois.

Defendant conducts business in this District and conducts business elsewhere throughout the United States.

**COMMON ALLEGATIONS OF FACT**

9. Defendant is a nationwide debt collection agency that operates across the country contracting with companies to recover on their delinquent accounts.

10. As an ordinary business practice, Defendant obtains the telephone numbers associated with its customers' delinquent accounts which are then used as part of its debt collection operation to place prerecorded and/or automated calls.

11. In an effort to increase recovery and reduce costs associated with operating its debt collection call operation, Defendant does not utilize procedures necessary to confirm that the telephone numbers to which Defendant makes robocalls actually belong to the debtors who allegedly provided them to Defendant's customers prior to Defendant making such robocalls.

12. As a consequence, many of the telephone numbers Defendant receives in connection with its debt collection operation are inaccurate, or have become inaccurate, and result in Defendant routinely placing prerecorded and/or automated telephone calls to individuals who never provided consent to be called by Defendant.

13. In addition to being an aggravating invasion of privacy, unsolicited prerecorded and/or automated telephone calls can actually cost recipients money because cell phone users like Plaintiff have to pay their respective wireless service providers for the calls they receive, incur a usage deduction, or pay a fixed or variable usage fee, regardless of whether the call is authorized.

14. For instance, beginning in or about January 2019, in an apparent effort to collect on a debt that did not belong to Plaintiff, Defendant began calling Plaintiff's cellular telephone.

15. Specifically, on multiple occasions, Plaintiff's cell phone rang, indicating that she was receiving a phone call from 855-245-7098, a phone number associated with Defendant's debt collection operation.

16. Plaintiff would never answer the phone calls from Defendant, however she would frequently, if not always, receive a voicemail message from Defendant featuring a computerized or prerecorded voice.[1] On the single occasion Plaintiff picked up the phone she heard a long pause before Defendant's system attempted to connect her to one of Defendant's representatives.

17. Upon information and belief, Defendant places these prerecorded and/or automated debt collection calls, including the calls made to Plaintiff, *en masse* attempting to connect the called party with a human representative. If no human representative is available the called party will experience a long pause until he or she is connected to a human representative, or dead air if no representative is available to be connected.

18. Since receiving the initial phone call in or about January 2019, Plaintiff has repeatedly had her privacy invaded by Defendant, receiving the same or similar telephone calls on her cellular telephone almost daily through June 2019.

19. At no time did Plaintiff provide Defendant, or any customer on whose behalf Defendant was calling, with consent to place any telephone calls, including any calls made with a prerecorded or automated message, to her cellular telephone number.

## CLASS ACTION ALLEGATIONS

---

[1]. Many complaints can be seen all over the internet concerning debt collection calls placed by Defendant from the number in question: "Recorded Message about debt management" , "Trying to collect a debt I don't have". (*See* http://who-calledme.com/Number/855-245-7098) (last checked June 28, 2019)).

20. Plaintiff brings this action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and a national class (the "Class") defined as: all persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more prerecorded and/or automated message telephone calls from Defendant on their cellular telephone where the called party was not the same individual who, according to Defendant's or its customer's records, provided the phone number to Defendant or its customer.

21. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

22. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

23. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

24. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

25. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

26. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Did Defendant place debt collection calls utilizing a prerecorded or automated message?

(b) Did Defendant place debt collection calls to persons who did not previously provide Defendant or its customers with consent to receive such calls on their respective cellular telephone numbers?

(c) Did the unauthorized calls made by Defendant violate the TCPA?

(d) Was Defendant's conduct in violation of the TCPA willful such that the members of the Class are entitled to treble damages?

(e) Should Defendant be enjoined from continuing to engage in such conduct?

**COUNT I**

**Violation of Telephone Consumer Protection Act (47 U.S.C. § 227) on behalf of Plaintiff and the Class**

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendant made prerecorded and/or automated telephone calls without the prior express consent to the cellular telephone numbers of Plaintiff and the other members of the Class. Each such prerecorded and/or automated call was made without checking to make sure that the intended party was the actual recipient of the call.

29. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

30. As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

31. To the extent Defendant knew or should have known that the members of the Class did not provide prior express consent to receive the unauthorized robocalls at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Class as defined above;

B. An award of the greater of actual or statutory damages;

C. An injunction requiring Defendant to cease placing unauthorized prerecorded and/or automated telephone calls using "predictive dialing" technology to the cellular telephones of individuals who were never the intended recipient;

D. Pre-judgment interest from the date of filing this suit;

E. An award of reasonable attorneys' fees and costs; and

F. Such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

July 3, 2019

ANNA GRAY, individually and on behalf of a class of similarly situated individuals

/s/ Eugene Y. Turin
One of Plaintiff's Attorneys

Eugene Y. Turin
William P.N. Kingston
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com
wkingston@mcgpc.com